UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Robert M. Lane**, | ) Civil Action No. 9:15-1740-RMG-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| **Dr. Vikki L. Lane, Bruce Glesby, Marisa Beuoy, David K. Pontes, John T. Rudnick, Carol Shick, Griffith & Thornburgh, LLP Kitch, Drutchas, Wagner, Valitutti & Sherbrook PC,** | ) |
| Defendants. | ) |

The Plaintiff, Robert M. Lane, proceeding *pro se*, brings this action for claims of fraud, conspiracy to commit fraud, perjury, malicious and fraudulent prosecution, fraud and breach of contract, use of legal filings for an improper purpose, failure to supervise and assure competence of attorney and employees, and fraud and failure to supervise and assure competence of attorney and employees. Plaintiff is a resident of the state of Nevada. It appears undisputed that none of the Defendants are residents of South Carolina.

Plaintiff alleges that he is the sole beneficiary of two long standing irrevocable spendthrift trusts and was defrauded of over forty million dollars in assets through the actions of the Defendants. Plaintiff asserts that Defendants' actions further resulted in fraudulent turnover of liquid assets in Plaintiff's pension plan and IRA, and that some of the Defendants still control some of these fraudulently obtained assets. On July 15, 2015, Plaintiff filed an "emergency motion" for a preliminary injunction to prevent a sale of assets scheduled for July 21, 2015. Although Defendants



have not yet had an opportunity to respond to this motion, the undersigned notes that the Defendants argue in a response to an earlier motion for a TRO that Plaintiff is seeking to prevent Defendant Vikki Lane from collecting and satisfying judgments against Plaintiff obtained approximately five (5) years ago: a Qualified Domestic Relations Order ("QDRO Order") filed May 11, 2010 [see Court Docket No. 15-4]; a Turnover Order in Payment of Court Order [sic] Child Support ("Child Support Order") entered on October 5, 2010 [see Court Docket No. 15-6]; and Order After Hearing Re Petitioner's RFO [sic] for Family Code 271 Attorneys Fees as Sanctions ("Sanctions Order") dated June 11, 2013 [see Court Docket No. 15-15]. Defendants also note that Plaintiff and Defendant Vikki Lane have been engaged in a years-long bankruptcy case initiated by Plaintiff in 2011 in United States Bankruptcy Court in the District of Wyoming. See Complaint, § 58; Bankruptcy Turnover Order [see Court Docket No. 15-6].

Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). Usually, preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending;" *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013); and a district court must apply a rigorous four-part test in determining whether to grant a preliminary injunction. To qualify for such relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As noted, the first prong of the *Winter* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits.

2



*Id.* at 22. This standard compels the moving party to show that he is likely to prevail: Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. Compare *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. 1089 (2010), with *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977).[1] Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. To meet this test, the party must show more than a mere possibility of harm. *Winter*, 555 U.S. at 22. Third, the moving party must show that the balance of equities tips in his favor. *Id.* at 20. Fourth, the district court must consider whether grant or denial of the injunction is in the public interest. In doing so, the court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 9, 24; *Real Truth*, 575 F.3d at 347.

The Fourth Circuit no longer recognizes a "flexible interplay" among these criteria. Instead, each requirement must be fulfilled as articulated; *Real Truth*, 575 F.3d at 347 (quoting *Blackwelder*, 550 F.2d at 196); and analysis of the *Winter* factors reveals that Plaintiff's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his Complaint. It is noted that the Defendants have filed motions to dismiss which are

---

[1] In *Real Truth*, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. *See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court vacated *Real Truth* and remanded the case for further consideration in light of *Citizens United v. Federal Election Comm'n*, 558 U.S. ___, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. *See Real Truth About Obama, Inc. v. FEC*, 558 U.S. 310 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, *inter alia*, the portion of the 2009 opinion setting forth the *Winter-Real Truth* preliminary injunction standard. *See Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010).

3

currently before the Court [the deadline for filing reply memoranda has not passed], and a review of those motions reveals a host of hurdles to Plaintiff's claims including, but not limited to, jurisdictional problems, improper venue, and statute of limitation issues. Specifically, with regard to venue problems, none of the defendants are South Carolina residents, none of the alleged acts occurred in South Carolina, and none of the properties at issue are situated in South Carolina. Additionally, with regard to Defendant Vikki Lane, Plaintiff faces significant res judicata and/or collateral estoppel problems.

Therefore, based upon the record currently before the Court, Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims. Since Plaintiff has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 293 (4th Cir. 2011) [If a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant].

### Recommendation

Based on the foregoing, it is recommended[2] that the Court deny Plaintiff's emergency motion to approve preliminary injunction to prevent sale of assets scheduled for July 21, 2015.

Plaintiff's attention is directed to the important notice on the next page.

July 17, 2015  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[2]A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See *Milliner v. Champion*, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

