IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert M. Lane, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:15-1740-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Dr. Vikki L. Lane, Bruce Glesby, | ) | |
| Marisa Beuoy, David K. Pontes, | ) | |
| John T. Rudnick, Carol Shick, Griffith | ) | |
| & Thornburgh, LLP Kitch, Drutchas, | ) | |
| Wagner, Valitutti & Sherbrook PC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Emergency Motion to Approve Preliminary

Injunction  (Dkt. No. 37).  The Magistrate Judge assigned to the case has submitted a Report and

Recommendation ("R&R") (Dkt. No. 40) that recommends denying the motion.  The Court

hereby ADOPTS the R&R in whole.

### Background

Plaintiff, proceeding pro se, filed this case on April 22, 2015, suing his ex-wife and her

attorneys for fraud, conspiracy to commit fraud, perjury, malicious and fraudulent prosecution,

fraud and breach of contract, use of legal filings for an improper purpose, and failure to supervise

and assure competence of attorney and employees.

Plaintiff also filed a Motion for Preliminary Injunction on April 22 (Dkt. No. 4), and

Defendants filed a response to that motion on June 4 (Dkt. No. 15).  Although Defendants have

not yet filed a response to the emergency motion, the Magistrate Judge referred to the response

to the Motion for Preliminary Injunction in preparing the R&R.  In addition, on July 20, 2015,

Defendants submitted an Opposition to Plaintiff's Motion to Approve First Amended Complaint,

which the Court has considered in preparation of this Order. Because the sale of assets that is the subject of the instant emergency motion is scheduled for July 21, 2015, it is necessary that an order issue prior to any further briefing by the parties.

**Analysis**

Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). To qualify, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court agrees with the Magistrate Judge that a review of the briefing currently filed in this case shows that Plaintiff's claims are unlikely to succeed on the merits due to hurdles relating to jurisdiction, venue, and statutes of limitations. And, as is evidenced by orders issued by other courts addressing of many of the same issues presented here (*e.g.* TROs issued by the honorable Marvin H. Dukes, III, Master-in-Equity for Beaufort County in *Lane v. Lane*, Case No. 2013-CP-07-2999, finding that Ms. Lane had shown a likelihood of success on the merits as to her claim that Mr. Lane fraudulently and illegally transferred funds subject to previously entered judgments entered against him and in favor of Ms. Lane, filed as Dkt. Nos. 42-1, 42-2), it appears likely that the underlying financial disputes will be controlled by res judicata and/or collateral estoppel and are inappropriate for disposition in this court.

2

**Conclusion**

The Court hereby ADOPTS in whole the R&R (Dkt. No. 40) and DENIES the

Emergency Motion to Approve Preliminary Injunction (Dkt. No. 37).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 20, 2015
Charleston, South Carolina

3